NICK WEAVER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

### Claim No. 16611.

#### Court of Claims, March, 1922.

Canals — negligence of state in maintaining highway bridge over canal — right of owner of truck which broke through to recover damages — failure of state to keep capacity signs posted — previous posting insufficient to show claimant guilty of contributory negligence — Canal Law, §§ 126, 130.

Under section 126 of the Canal Law it is the duty of the state to maintain a canal bridge in a safe and substantial condition for ordinary traffic.

Where a reasonable inspection by state authorities of a wooden truss bridge over the old Erie canal would have disclosed that a piece of truss timber supporting the stringers of the bridge, which gave way under the weight of claimant's loaded truck — six and a half tons — was at the time decayed, dozy and unfit for use as a bearing member of the bridge, it was negligence on the part of the state to permit the use of the bridge in that condition and it is liable for the damage done to claimant's truck unless he was guilty of contributory negligence.

The evidence fairly established that at the time of the accident there were no capacity signs erected at either end of the bridge and there was also evidence to the effect that after the accident signs giving notice to the traveling public that the maximum capacity of the bridge was two and one-half tons were found lying on the ground at some little distance from the bridge at either end, but how they came to be there was not shown. *Held,* that the previous posting of the capacity signs at either end of the bridge was not sufficient to make claimant guilty of contributory negligence because of his attempt to cross the bridge with a load in excess of two and one-half tons.

It is the failure to heed the warning of the capacity sign which the statute (Canal Law, § 130) declares to be contributory negligence and if there be no sign there is no warning, hence no negligence.

ACTION to recover damages caused truck by falling through canal bridge.

*Benjamin McClung,* for claimant.

*Charles D. Newton,* attorney-general (*George L. Meade,* deputy attorney-general, of counsel), for the state of New York.

SMITH, J. In the afternoon of August 27, 1919, while the claimant was driving a White automobile truck belonging to him across a bridge over the old Erie canal, which bridge formed a link in a public highway, at Stop 2, near Utica, one of the cross-timbers, which supported the stringers or floor joists of the bridge,

broke and the rear end of the truck fell through the bridge, the front wheels remaining on the floor of the bridge, the truck being held suspended in this position by an iron truss rod, a part of the bridge. The truck was considerably damaged and claimant has filed this claim to recover from the state the amount of such damage, claiming that the bridge was unsafe and that the state was negligent in permitting its use in that condition.

The weight of the truck, unloaded, was five tons and at the time of the accident it carried a load of one and one-half tons, making the total load upon the bridge at the time of the accident six and one-half tons. This was not an unusual or unreasonable load, nor greater than might reasonably have been expected to require the use of the highway and bridge.

The bridge was a wooden truss bridge, of the type which had been in use for canal bridges for many years prior to the accident. A piece of the cross-timber, which gave way under the weight of the claimant's load, was introduced in evidence. It was decayed, dozy and unfit for use as a bearing member of the bridge, as a reasonable inspection of the bridge and its members by the state authorities prior to the accident would have disclosed. To permit the use of the bridge for public travel in this condition was negligence.

It was the duty of the state to maintain this bridge on a public highway in a safe and substantial condition for ordinary traffic, so as to preserve the continuity of the highway and not unreasonably impair its usefulness. Canal Law, § 126; *Rizzi* v. *State of New York*, 17 C. C. Rep. 54; affd., 182 App. Div. 905. Having failed in this duty, it is liable for the damage resulting from its neglect (Canal Law, § 47; *Rizzi* v. *State of New York, supra*), unless claimant was guilty of contributory negligence.

The state urges that prior to the time of the accident it had caused to be posted on the bridge, and at both ends thereof, warning signs giving notice to the traveling public that the maximum capacity of the bridge was two and one-half tons, that those signs were in position at the time of the accident, and that claimant was guilty of contributory negligence in using the bridge and subjecting it to a burden far in excess of its posted maximum capacity, relying on the provisions of section 130 of the Canal Law.

The evidence as to the presence of warning signs is conflicting, but the fair preponderance of the evidence establishes the fact that some months prior to the accident the state had caused such capacity signs to be erected, not on the bridge, but on posts at and near each end of the bridge. This, I think, would have been sufficient to entitle the state to the protect on afforded by section 130 of the Canal Law, had those signs been in the positions where

they were erected at each end of the bridge at the time of the accident. The evidence, however, fairly establishes the fact that at the time of the accident there were no such signs erected at either end of the bridge. There is evidence to the effect that after the accident such signs were found lying on the ground at some little distance from the bridge at either end, but how they came to be there the evidence does not disclose. The previous posting of the capacity signs at each end of the bridge is not sufficient to make claimant guilty of contributory negligence by the mere fact of attempting to cross the bridge with a load in excess of two and one-half tons. It is the failure to heed the warn'ng of the capacity sign which the statute has declared to be contributory negligence, and if there is no sign there is no warning, hence no negligence.

Claimant is entitled to recover from the state the amount of the damage done to his truck by the breaking of the bridge, which amount has been found by the court to be $1,820.

CORWIN, J., concurs.

Judgment accordingly.